OPINION
The State is appealing from the decision of the trial court to dismiss an indictment against Morris on double jeopardy grounds. The State has the right to appeal its dismissal pursuant to R.C. 2945.57(A). In 1998, Morris was indicted on three counts: rape, attempted rape, and corrupting another with drugs. The victims were his biological twin daughters. Following a jury trial, he was convicted on all three counts and timely appealed. This court subsequently reversed his conditions of rape and attempted rape (as well as a separate determination by the trial court that Morris is a sexual predator), but his conviction for corrupting another with drugs was not reversed, and Morris subsequently served time on that conviction.
This court reversed the convictions of rape and attempted rape because we found the evidence was insufficient to prove that Morris had administered an intoxicant to the victims surreptitiously or by force, threat of force, or by deception, which are elements of the charge of which Morris had been indicted. State v. Morris (Aug. 27, 1999), Montgomery App. No. 17287, unreported.
Subsequent to our decision, Morris was reindicted with one count of sexual battery and one count of attempted sexual battery, in violation of R.C. 2907.03(A)(5). Morris, represented by counsel, moved to dismiss the indictments on double jeopardy grounds, which the trial court granted. The trial court held that: "The facts of the present case indicate that the conduct the Defendant is being charged with is the same as that under which he was ultimately acquitted on August 27, 1999. The State has simply brought a new charge against the defendant based on the circumstances of his acquittal. After failing to convict under R.C. Section 2907.02, the State should not be able to charge the Defendant under R.C. Section 2907.03(A)(5). To sustain the present charges would subject the Defendant to Double Jeopardy since this would be a relitigation of issues determined in the first prosecution." Docket 22.
The State assigns as its sole error this decision of the trial court. The State presents the following two issues under this assignment of error:
 Issue No. 1: Whether rape under R.C. 2907.02(A)(1)(a) and sexual battery under R.C. 2907.03(A)(5) constitute the same offense for double jeopardy purposes.
 Issue No. 2: Whether the doctrine of collateral estoppel bars the prosecution of Appellee for sexual battery and attempted sexual battery.
The second issue, the application of collateral estoppel, is not argued by Morris in his brief on appeal, and we will, therefore, ignore it.
The State presents its argument in its brief as follows:
 Appellee is charged in the instant indictment with sexual battery and attempted sexual battery, in violation of R.C. 2907.03(A)(5), which reads: "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." Appellee was formerly acquitted of rape and attempted rape under R.C. 2907.02(A)(1)(a), which reads: "[n]o person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when * * * [f]or the purpose of preventing resistance, the offender substantially impairs the other person's judgment or control by administering any drug, intoxicant, or controlled substance to the other person surreptitiously or by force, threat of force, or deception."
 When comparing the elements of the offenses in question, it is clear that the prosecution of Appellee for sexual battery and attempted sexual battery is not barred by the Double Jeopardy Clause. To be guilty of sexual battery, the offender must be the natural or adoptive parent, stepparent, guardian or custodian of, or in loco parentis with, the victim. The offense of rape has no such requirement. See State v. Hollon (Jan. 28, 1991), Clermont App. No. CA 90-03-029, unreported at *8. In addition, to be guilty of rape under R.C. 2907.02(A)(1)(a), the offender must administer a drug or intoxicant to the victim surreptitiously, by force, threat of force or deception which substantially impairs the victim's judgment or control. There is no such requirement for the commission of sexual battery under R.C. 2907.03(A)(5). Accordingly, since each statute requires proof of a fact which the other does not, sexual battery and rape do not constitute the same offense for Double Jeopardy purposes.
Appellant's brief, 3-4.
The "same elements" test has long been known as the "Blockburger" test, as it stemmed from the United States Supreme Court decision in Blockburger v. United States, 284 U.S. 299, 304, 76 L.Ed. 306,52 S.Ct. 180 (1932).
In 1990, the U.S. Supreme Court added a new element to the "Blockburger" test by holding that "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution may not be held. Grady v. Corbin (1990), 495 U.S. 508, 510, 110 S.Ct. 2084, 2086, 109 L.Ed.2d 548, 557. Thus, under Grady, the trial court would be correct in referencing the same conduct test as a bar to a second prosecution under double jeopardy, and we would affirm.
The problem is, Grady has been overruled. In United States v. Dixon (1993), 509 U.S. 688, 125 L.Ed.2d 556, 113 S.Ct. 2849, the United States Supreme Court stated that Grady "was a mistake," id., L.Ed., 577, and "we would mock stare decisis and only add chaos to our double jeopardy jurisprudence by pretending that Grady survives when it does not." Id, L.Ed.2d 578.
As such, the Supreme Court returned to the purer "Blockburger" test of separate elements. The appellee argues that the government did put into play at the trial the fact that Morris was the natural father of the two victims, but this was done not because it was an element of the offense, but simply to present the jury with a lesser standard of force. The issue of force is not an element in the current offenses charged, and the question of paternity was not even contested in the first trial.
Morris also argues on appeal that the recent decision of the Supreme Court in Apprendi v. New Jersey (2000), 120 S.Ct. 2348, which held that a fact that enhances a sentence, other than one of a prior conviction, must be tried and proven to a jury or the court beyond a reasonable doubt. Since the issue before this court is not a question of enhancing a penalty, we fail to see how Apprendi applies.
We find that under the "Blockburger" test the charges for which Morris is currently under indictment are not barred by double jeopardy. The assignment of error is sustained. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.
 _______________ YOUNG, J.
BROGAN, J. and GRADY, J., concur.